IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN OSCAR PHILLIPS,

    Petitioner,                          No. CIV S-07-2110 JAM DAD P

    vs.

ROBERT AYERS, JR., et al.,           <u>ORDER AND</u>

    Respondents.                 <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner challenges his 2005 conviction for assault with a deadly weapon with a great bodily injury enhancement pursuant to which he was sentenced to serve a term of six year in state prison. Before the court is respondents' motion to dismiss for failure to exhaust state court remedies (MTD).

        In his amended petition, petitioner has raised two claims: (1) ineffective assistance of counsel by defense counsel and appellate counsel, and (2) jury instruction error by

---

[1] Petitioner filed his habeas petition with this court on October 9, 2007. On September 23, 2008, the court dismissed the petition and granted leave for petitioner to file an amended petition. Petitioner was advised to use the court's form petition and to answer each question in the form, including the grounds for relief and facts supporting each claim. The amended petition was filed on October 22, 2008 and is the operative petition before the court. <u>See</u> Doc. No. 9.

1

1  the trial court. Respondents contend that petitioner's ineffective assistance of counsel claim is
2  unexhausted. Respondents have provided this court with a copy of petitioner's petition for
3  review filed with the California Supreme Court in Case No. S146851. See MTD, Ex. 2 (Doc.
4  No. 17, Part 3 at 4-32 (Petition for Review)). Therein, petitioner presented one claim to the
5  California Supreme Court for review which he described as follows:

> BECAUSE APPELLANT PRESENTED SUBSTANTIAL EVIDENCE THAT HE HAD NO INTENT TO COMMIT AN ASSAULT OR BATTERY, NOR USE THE KNIFE IN SELF-DEFENSE, THE TRIAL COURT ERRED BY FAILING TO INSTRUCT THE JURY ON ACCIDENT AND MISFORTUNE.

9  (Id., Ex. 2, Pet. for Review at 9.) The petition for review was denied by the California Supreme
10 Court on November 1, 2006. (Id., Ex. 2, California Supreme Court decision.) Although
11 petitioner later filed a state habeas petition with the California Supreme Court in Case No.
12 S151100, therein he presented only the same claim that was previously stated in his petition for
13 review. (Id., Ex. 2, California Supreme Court Habeas Petition) (Doc. No. 17, Part 4 at 3-20).
14 Petitioner's habeas petition was denied by the California Supreme Court on August 8, 2007, with
15 a citation to In re Waltreus, 62 Cal. 2d 218 (1965). Respondents argue that the ineffective
16 assistance of counsel claim petitioner has presented to this court is unexhausted and that the
17 amended petition should be dismissed.
18          Petitioner has filed an opposition and a "traverse" which addresses the motion to
19 dismiss.[2] In his January 5 opposition, petitioner contends that "the issues before the court have
20 been exhausted beyond all available state remedies." (Opp'n, filed Jan. 5, 2009, at 1.) In
21 addition, petitioner argues that "there has been no judgment on any state level that had
22 conclusively defeated the issues being brought by the petitioner before the Eastern District Court
23 via the amended complaint." (Id. at 2.) In his "traverse," petitioner argues that respondents are
24 attempting to "frame the claims raised by petitioner in his Amended Writ of Habeas Corpus . . .

---

[2] Petitioner's opposition to the pending motion was filed on January 5, 2009. On January 14, 2009, petitioner re-filed the same opposition which will be disregarded as duplicative.

in such narrow terms to mislead the court in its duty to liberally construe the grounds for relief through the amended complaint." (Traverse at 4-5.) Petitioner argues that because he filed petitions with the state courts, this satisfies the exhaustion requirement. (Id. at 5.)

**ANALYSIS**

I. Exhaustion Requirement

      The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. See 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by fairly presenting all federal claims to the highest state court before presenting them to the federal court. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

      A federal claim is fairly presented if the petitioner has described the operative facts and legal theory upon which his claim is based. See Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994). "[I]t is not enough . . . that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). As a rule, the "mere similarity of claims is insufficient to exhaust." Duncan v. Henry, 513 U.S. at 365-66. A claim is also unexhausted if it contains new factual allegations which "fundamentally alter the legal claim already considered by the state courts." Vasquez v. Hillery, 474 U.S. 254, 260 (1986). It is not necessary that "every piece of evidence" supporting federal claims have been presented to the state court. Chacon v. Wood, 36 F.3d 1459, 1469 n.9 (9th Cir. 1994). The introduction of new evidence affects the fair presentation requirement when it "substantially improves the evidentiary basis" for petitioner's claims. Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988). However, new factual allegations that are cumulative of those presented to the state court do not transform the claim and thus do not require exhaustion. See Hillery v. Pulley, 533 F. Supp. 1189, 1200-02 (E.D. Cal. 1982), aff'd, 733 F.2d 644 (9th Cir. 1984), aff'd, 474 U.S. 254 (1986).

/////

II. <u>Mixed Petition</u>

Petitioner misconstrues the exhaustion requirement.  The fact that he submitted a petition for review and a habeas petition to the California Supreme Court does not answer the relevant inquiry.  The United States Supreme Court has generally held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982).  Here, while petitioner's jury instruction claim is exhausted, his ineffective assistance of trial and appellate counsel claim is not since it has never been presented to the California Supreme Court.  Although the habeas petition before this court is a mixed petition, containing both exhausted and unexhausted claims, the court will recommend that respondents' motion to dismiss nonetheless be denied at this time.  Rather, as discussed in more detail below, petitioner may now elect to proceed in a manner consistent with that set forth in either <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) or in <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003).

The Ninth Circuit of Appeals recently addressed the available procedures for those habeas petitioner's presenting mixed petitions.  <u>King v. Ryan</u>, 564 F.3d 1133 (9th Cir. 2009).  As explained in <u>King</u>, in <u>Kelly</u> the Ninth Circuit authorized a three-step procedure under which:  (1) petitioner files an amended petition deleting all the unexhausted claims, (2) the district court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner to proceed in state court to exhaust the deleted claims, and (3) petitioner later amends the federal habeas petition to re-attach the newly-exhausted claims to the original petition.  <u>King</u>, 564 F.3d at 1135.  Utilizing this procedure, the petitioner is allowed to amend his unexhausted claims back into his federal petition only if upon exhaustion those claims are determined to be timely.  <u>King</u>, 564 F.3d at 1140-41.[3]

---

[3] As the Ninth Circuit noted, because the <u>Kelly</u> procedure does not leave the mixed petition pending, it is not only more cumbersome but a riskier procedure for petitioners because demonstrating the timeliness of claims amended back into a petition after exhaustion is often problematic under Supreme Court authority.  <u>King v. Ryan</u>, 564 F.3d 1133, 1141 (9th Cir. 2009).

On the other hand, under the procedure outlined by the United States Supreme Court in Rhines, the unexhausted claims are not dismissed and the mixed petition remains pending in federal court while the unexhausted claims are exhausted. King, 564 F.3d at 1140. Under the Rhines procedure any issue with respect to the timeliness of the federal petition for writ of habeas corpus is avoided. (Id.) However, the Supreme Court limited this exception to the total exhaustion rule carved out in Rhines to those circumstances in which the petitioner demonstrated good cause for the failure to exhaust all claims in state court prior to filing the federal petition. Rhines, 544 U.S. at 277; see also King, 564 F.3d at 1140-41.[4] Under Rhines, a stay is not to be granted if the unexhausted claims are plainly meritless. Rhines, 544 U.S. at 277. Finally, under Rhines the federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78. Thus, a motion for a stay and abeyance under Rhines must (1) show good cause for petitioner's failure to exhaust all claims prior to filing this action, (2) identify petitioner's unexhausted claims and demonstrate that each is potentially meritorious, (3) describe the status of state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted with diligence in pursuing additional claims.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that within thirty days from the service of this order, petitioner shall file a second amended petition and/or a motion for a stay and abeyance, electing to proceed under either the procedure outlined in Rhines v. Weber or that set out in Kelly v. Small or electing to proceed forward without a stay on his only fully exhausted claim relating to alleged jury instruction error.

---

[4] Notably, unlike the exception created by the Supreme Court in Rhines, the availability of the procedure outlined in Kelly is not premised on a showing of good cause by petitioners for their delay. King, 564 F.3d at 1140. This would appear to be the primary, and perhaps only, advantage of petitioners proceeding under Kelly as opposed to Rhines. It is now clear that in the Ninth Circuit the Kelly procedure remains available to habeas petitioners. Id. at 1141.

1    Also, IT IS HEREBY RECOMMENDED that respondents' December 22, 2008, motion to dismiss the amended petition for failure to exhaust state remedies (Doc. No. 17), be denied in light of the order set out above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 23, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
phil2110.fte